UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LAMAR TYRONE BRAZIER, | Case No. 2:25-cv-00102-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

### I.   Introduction

Before the Court is Plaintiff's Brief seeking an order reversing and remanding for further administrative proceeding the decision to deny supplemental security income benefits to Plaintiff. ECF No. 12. There is no dispute that Plaintiff exhausted his remedies available through the Social Security Administration and, therefore, his case is ripe for consideration by this Court. There is also no dispute that Plaintiff raises only one issue for Court review: Whether at step five of the sequential evaluation process in which the Administrative Law Judge ("ALJ") must engage, the ALJ's determination that Plaintiff could perform "medium work," as defined and interpreted under the Social Security Act (the "Act"), was erroneous. ECF Nos. 12 at 3; 16 at 4.

To establish a claimant is disabled under the Act, there must be substantial evidence that:

(a)   the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b)   the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

When an ALJ considers whether a claimant is disabled the ALJ must apply the five-step sequential evaluation process established under the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to

be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps include:

Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).

Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).

Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098-99 (internal alterations omitted).

**II.    The ALJ's Decision**

After finding Plaintiff did not engage in substantial gainful activity, the ALJ determined that Plaintiff suffered from medically determinable serve impairments of degenerative disc disease,

2

neuroforaminal stenosis of the cervical and lumbar spine, a neurocognitive disorder, and a depressive disorder. Administrative Record ("AR") 25. The ALJ further concluded Plaintiff's impairments did not meet or equal the severity of any one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926. The ALJ next found Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 416.967(c) except with the following limitations: never climbing ladders, ropes or scaffolds, frequent climbing ramps or stairs, stooping, kneeling, crouching, never crawling, frequent reaching overhead, avoiding extreme temps, exposure to pulmonary irritants defined as atmospheric conditions in the Selected Characteristics of Occupations (SCO), companion publication to the Dictionary of Occupational Titles (DOT[]), and avoiding hazards such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers. In addition, … [Plaintiff] can understand, remember and carry out simple tasks, with the concentration, persistence and pace for such work, with occasional contact with others, such as coworkers, and the public, but cannot perform work with fast paced production quotas.

AR 28. The ALJ then stated Plaintiff had no past relevant work, but given his age, education, work experience, and RFC, jobs exist in significant numbers in the national economy that Plaintiff can perform. AR 34. These include: "Laundry Laborer, (DOT #361.687-018) …; Hospital Cleaner, (DOT #323.687-010); and … Industrial Cleaner, (DOT #361.687-018)." *Id*. Base on the above, the ALJ determined Plaintiff "has not been under a disability, as defined in the Social Security Act, since February 17, 2022, the date the application was filed (20 CFR 416.920(g))." AR 35.

### III. Discussion

There is no dispute that at step five of the sequential process (detailed above) it is the ALJ's burden to demonstrate there are a significant number of jobs in the national economy that Plaintiff can perform. Plaintiff argues a state agency physician, Dr. Jon Arnow, concluded Plaintiff can sit, stand, and or walk for approximately six hours in an eight hour work day. ECF No. 12 at 5 *citing* AR 103. Plaintiff also points out the ALJ found Dr. Arnow's opinion regarding Plaintiff's "residual functional capacity is most persuasive …." AR 33.

Plaintiff contends the ALJ failed to explain why she rejected the standing and walking limitations Dr. Arnow stated in his report and, therefore, failed to demonstrate that she "articulated a satisfactory explanation for her decision." ECF No. 12 at 6 *citing Dept. of Commerce v. New York*, 139 S.Ct. 2551, 2569 (2019) (further citation omitted). Plaintiff further argues he lacks the physical

3

ability to perform the jobs the ALJ identified because (after quoting the Dictionary of Occupational Titles' position descriptions) "there are no duties of the identified occupations that would allow" Plaintiff to sit for two hours during each eight hour workday. *Id*. at 6-10. Plaintiff quotes an Occupational Requirements Survey as stating each of the three jobs identified he could perform allow for "no more than 1 hour" of sitting each day. *Id*. at 10. Finally, Plaintiff argues that when the ALJ posed a hypothetical to the vocational expert (the "VE") regarding Plaintiff's abilities, the ALJ did not include any standing or walking limitation. *Id*. This, Plaintiff says, renders the VE's "testimony insubstantial" creating a material error. *Id*. (citations omitted).

The Commissioner responds to Plaintiff's arguments arguing the ALJ's decision is supported by substantial evidence—which is the standard upon which judicial review is based. ECF No. 16 at 3. The Commissioner contends Plaintiff can perform "medium work," a term misinterpreted by Plaintiff and consistent with Dr. Arnow's findings. *Id*. at 4.

The Commissioner correctly advises that Social Security regulations do not specify standing or walking limitations for medium work, but "for over forty years the agency has interpreted a 'full range of medium work' to include 'standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." *Id*. citing SSR 83-10, at *6, which interprets 20 C.R.F. § 416.967. Citing *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021), the Commissioner submits the Ninth Circuit holds that the "well-established meaning" of medium work includes "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." *Id*. at 5. Arguing Dr. Arnow's "medical findings directly matched the definition of medium work in 20 C.F.R. § 416.967(c)," the Commissioner submits the ALJ's finding that Plaintiff can perform medium work necessarily included Plaintiff's walking and standing abilities. *Id*. The Commissioner concludes that "Dr. Arnow's findings did not represent a limitation beyond the well-established meaning of medium work." *Id*.

The Court notes that Plaintiff stipulated to the VE's qualifications as an expert who then testified to the jobs Plaintiff could perform. AR 65. Plaintiff's representative was given an opportunity to question the VE, but no questions were asked regarding standing or walking requirements applicable to the jobs the VE identified. AR 67-68. It was in a letter to the Appeals

1  Council that Plaintiff first raised the issue regarding the VE's interpretation of medium work. AR
2  391-395. The submission to the Appeals Council included a Bureau of Labor Statistics Occupational
3  Survey (AR 396-450); however, the Council affirmed the ALJ's decision. AR 1.

4  Of significance to this Court is the Ninth Circuit 2021 decision in *Terry*, *supra*, which is right
5  on point as the court rejected arguments nearly identical to Plaintiff's arguments. 998 F.3d at 1012-
6  13. Ultimately the court found "no reason to think that the vocational expert was not familiar with
7  the Social Security Rules 83-10 and the agency's longstanding interpretation of 'medium work.'"
8  *Id*. at 1013. Further, the Court finds Plaintiff's argument that the VE's testimony conflicts with DOT
9  descriptions for Laundry Laborer, Cleaner, Hospital, and Cleaner, Industrial—all classified as
10 medium work jobs—is not supported by Plaintiff's quotations, which are silent with respect to
11 standing and walking requirements. ECF No. 12 at 7-10.

12 Moreover, Plaintiff's lay assessment of survey data is insufficient to undermine the VE's
13 analysis. *Jose Alfredo G. v. Saul*, Case No. 3:19-cv-00852-RBM, 2019 WL 6652086, at *6 (S.D.
14 Cal. Dec. 5, 2019) ("Lay assessments alone are insufficient to undermine the VE's analysis; such
15 attempts have been uniformly rejected by numerous courts."); *Valenzuela v. Colvin*, Case No. CV
16 12–0754–MAN, 2013 WL 2285232, at *4 (C.D. Cal. May 23, 2013) (rejecting plaintiff's
17 assessment, in part, because it "was unaccompanied by any analysis or explanation from a vocational
18 expert or other expert source to put the raw data into context"). Case law also shows that raw
19 vocational data is insufficient to demonstrate that a vocational expert's testimony is insufficient to
20 meet the substantial evidence bar. *Ford v. Saul*, 950 F.3d 1141, 1159 (9th Cir. 2020).

21 The Court is required to defer to the Commissioner's conclusion when more than one rational
22 interpretation of the evidence is available. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1198
23 (9th Cir. 2004) *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In sum, while Plaintiff
24 may seek a result that was possible based on the arguments presented, the Court is obligated to
25 "uphold the ALJ's decision" supported by substantial evidence even "where the evidence is
26 susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40.

27 The Court finds the ALJ's decision in this case is supported by substantial evidence and,
28 therefore, reversal and remand are not warranted.

## V. Order

IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 12) is DENIED.

IT IS FURTHER ORDERED that judgment is entered in favor of the Commissioner of Social Security and against Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

Dated this 7th day of August, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE